**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TIMOTHY RYAN BOOHER**                                                 **PLAINTIFF**

**V.**                         **Case No. 4:15-cv-00328-KGB**

**J. DOSS, et al.**                                                        **DEFENDANTS**

**ORDER**

Plaintiff Timothy Booher, an inmate confined at the Van Buren County Jail, filed this *pro se* 42 U.S.C. § 1983 action, alleging constitutional violations by defendants with respect to his arrest and incarceration (Dkt. No. 2, at 4). He asks for monetary and injunctive relief from defendants. After carefully reviewing the documents submitted by Mr. Booher, the Court concludes that the complaint should be dismissed based on immunity from liability and for failure to state a claim upon which relief may be granted.

      **I.**      **Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. N.D. Dep't of Corr. & Rehab.*, 294

F.3d 1043, 1043-1044 (8th Cir. 2002). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**II.     Analysis**

Mr. Booher alleges defendant J. Doss, a Mountain View police officer, arrested him, searched his car, and questioned him without reading him his *Miranda* rights (Dkt. No. 2, at 4). When Mr. Booher asked to speak with defendant Lance Bonds, Sherriff of Stone County, he was told he could not do anything about the matter (*Id.*). Mr. Booher also claims he was incarcerated for failure to appear, and that defendants Stone County Circuit Court Judge John Dan Kemp, attorney Joshua R. Collums, and Stone County Public Defender Tammy Harris should be investigated for their actions (*Id.* at 5).

In order to support a claim for relief against defendants pursuant to 42 U.S.C. § 1983, Mr. Booher must allege that they deprived him of some constitutional right while acting under color of state law. *Roudybush v. Zabel*, 813 F.2d 173, 176 (8th Cir. 1987). However, judges and prosecutors are immune from liability under § 1983. *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) ("Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)). *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (holding that a judge "will be subject to liability [for judicial acts] only when he has acted in the 'clear absence of all jurisdiction'").

Mr. Booher does not clarify whether Mr. Collums is a prosecutor or a private attorney; however, to the extent that he is a prosecutor, Mr. Booher does not allege how either he or Judge Kemp were involved in the actions at issue in his complaint, what specific actions they took that

were allegedly improper, and whether their conduct was associated with the judicial phase of the criminal process. To the extent that Mr. Collums is a private attorney, he is not considered a state actor within the meaning of § 1983. Therefore, these two defendants should be dismissed.

Ms. Harris also is not considered a state actor under § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

Mr. Booher's vague allegation that he asked to speak with Sheriff Bonds but was told he could not help him does not allege a constitutional claim against Sheriff Bonds. Therefore, Sheriff Bonds should be dismissed for failure to state a claim upon which relief may be granted.

Likewise, Mr. Booher's vague allegation that Officer Doss failed to read him his *Miranda* rights does not support a constitutional claim for relief. "The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself. Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc) (citation omitted). Thus, Mr. Booher's allegations against Officer Doss also should be dismissed.

### III. Conclusion

It is therefore ordered that:

1. Mr. Booher's complaint against defendants is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

SO ORDERED this 29th day of July, 2015.

_____
Kristine G. Baker
United States District Judge